COLE, Circuit Judge,
concurring.
Because I believe our decision in United States v. Bolka, 355 F.3d 909 (6th Cir.2004), is not inconsistent with United States v. Johnson, 344 F.3d 562 (6th Cir. 2003), I disagree with the majority’s decision to ignore our precedent in Bolka and therefore write separately.
The majority interprets Johnson as announcing a per se rule that a firearm enhancement always precludes safety-valve relief. The majority then holds that our decision in Bolka is not good law insofar as it states that a firearm enhancement may not always preclude safety-valve relief since the burden of proof for each finding is different. However, the majority’s interpretation of the decision in Johnson is incorrect. The Court in Johnson did not consider or decide whether the imposition of a firearm enhancement always precludes application of safety-valve relief. Rather, the Court, after discussing the facts surrounding the possession of the specific firearm at issue in that case, and noting the “great deference” granted to the district court’s determination that the defendant’s story regarding possession of the firearm was not credible, stated “[a]s we have held that the two-level enhancement applied pursuant to § 2Dl.l(b)(l) was properly applied to both defendants, both are ineligible for ‘safety-valve’ status.” Johnson, 344 F.3d at 567. This conclusion appears in one sentence at the end of the opinion without any legal analysis about the interplay of the two statutes. While one could read Johnson to announce a broad rule that any time a defendant received an enhancement under § 2Dl.l(b)(l) he is ineligible for safety valve relief, a more appropriate interpretation of the extensive discussion surrounding the defendant’s possession of the firearm followed by the brief discussion of the inappropriateness of safety-valve relief is that the Court made a fact-based determination that safety-valve relief was inappropriate in that case, rather than announcing a broad per se rule that safety-valve relief *996 is never appropriate when an enhancement is imposed. This is the more reasonable construction since the Johnson Court does not engage in any analysis to create this per se rule, nor did it use terms that might imply such a rule such as “always” or “per se.” Cf. Bey v. Johnson, 407 F.3d 801, 806-07 (6th Cir.2005). Rather, the language used implies reference back to the discussion of the facts considered by the district court and the deference granted to the district court’s credibility determinations to determine that the enhancement applied, not a per se rule that anytime an enhancement applies the safety-valve cannot apply. Furthermore, an in pari materia interpretation that reads Bolka and Johnson together is most appropriate since the majority’s interpretation would result in a intra-circuit conflict, a practice this Court should avoid when possible. United States v. Humphrey, 287 F.3d 422, 451 (6th Cir.2002). (“Cases should be construed as to avoid intra-circuit conflicts, not to create them.”).
However, while I believe there may be a case wherein a defendant would be able to qualify for safety-valve relief while still receiving the firearms enhancement, I recognize that such circumstances are rare. I also agree that this is not such a case. The defendant admitted he had a firearm on his person at the time of his arrest. He also admitted that there were drugs and other drug paraphernalia in the vehicle in which he was arrested. These facts, combined with the district court’s determination that the defendant’s story regarding the firearm was not credible, are sufficient to preclude safety-valve relief. As such, I agree with the majority that the district
court did not err in refusing to apply the safety-valve in this case.